# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Charlotte Tate,    *on behalf of* A.P., | CASE NO. 1:18 CV 01432 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| Vs. | |
| Commissioner of Social Security, | **Memorandum of Opinion and Order** |
| Defendant. | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert ("R&R")(Doc. 16) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed an objection. For the reasons that follow, the R&R is hereby ACCEPTED and the decision of the Commissioner is AFFIRMED.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

## **ANALYSIS**

As set forth below, the Court incorporates the R&R into this Opinion. Therefore, the Court need not repeat the medical history, which is thoroughly recited by the Magistrate Judge. Plaintiff objects to the Magistrate Judge's finding that she waived the argument that A.P. meets Listing 112.05. (Doc. 17). According to Plaintiff, she properly raised this argument in her Brief on the Merits ("Brief").

Relevant to Plaintiff's objection, the Magistrate Judge provided the following discussion in the R&R:

> Throughout her brief on the merits, Plaintiff makes conclusory statements that Claimant meets, medically equals, or has the functional equivalent of listing 112.05(B)(1)(a)(2)(a). *See* ECF Dkt. #13 at 11-13, 17. However, Plaintiff only makes the substantive argument that Claimant's impairment functionally equals the listing and actually states that "[t]he issue in this case rests solely on the degree of limitation in the domain of acquiring and using information." *Id*. at 17; *see id.* at 13-17. The burden to show that Claimant meets or medically equals an impairment in the listings is on the Plaintiff. *See Evans v. Sec. of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987); *Todd v. Astrue*, 2012 WL 2576435, *9 (N.D. Ohio 2012)(report and recommendation adopted *Todd v. Astrue*, 2012 WL 2576282 (N.D. Ohio 2012)). Plaintiff's conclusory statements without any supporting argument are deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leave the court to ...put flesh on its bones.")(internal citations omitted); *Thacker v. Soc. Sec. Admin.*, 93 Fed. Appx. 725, 728 (6th Cir. 2004)("When

2

> a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.").
>
> As to whether the Claimant's impairments meet or medically equal listing 112.05(B)(1)(a)(2)(a), the undersigned recommends that the Court find that Plaintiff fails to meet her burden and has waived any challenge to the ALJ's finding that Plaintiff's impairment(s) do not meet or medically equal listing 112.05(B)(1)(a)(2)(a). She fails to present specific medical findings to satisfy this listing and presents only conclusory statements. Therefore, the undersigned will only consider whether Claimant's impairments functionally equal the listing and consider Plaintiff's arguments concerning the opinion evidence of Dr. Sandra Sommers and Dr. Kelly Wadeson.

R&R at 14-15.

Plaintiff maintains that, while the language contained in her Brief was "inelegant," she did in fact argue to the Magistrate Judge that A.P. meets Listing 112.05. (Doc. 17 at 1). Plaintiff asserts "the ALJ erred in failing to find an extreme limitation in the area of understanding, remembering and applying information," which would result in a finding that A.P. meets Listing 112.05. (*Id*. at 2). Plaintiff contends that this argument was made on pages 14-17 of her Brief, in which she discussed evidence that "support[s] a more significant limitation than found by the ALJ." (*Id*.)

The Court rejects this argument. Whether a child meets or functionally equals a Listing involves two separate inquiries. A review of the Plaintiff's Brief reveals that beyond simply setting forth the criteria of Listing 112.05, Plaintiff did not raise any argument that A.P. has an extreme limitation in understanding, remembering, or applying information. Such an argument would be required in order to establish A.P. meets the Listing. While Plaintiff provided a detailed review of several pieces of evidence, she used this evidence to support the argument that A.P. has an extreme limitation in the domain of acquiring and using information. (*See* Doc. 13 at

3

14-17). Moreover, Plaintiff specifically stated in her Brief that the "issue in this case rests *solely* on the degree of limitation in the domain of acquiring and using information." (Doc. 13 at 17)(emphasis added). Such an argument relates to whether or not A.P. functionally equals a Listing and is irrelevant as to whether Listing 112.05 is met. Accordingly, the Magistrate Judge did not err in concluding that Plaintiff waived the argument that A.P. meets Listing 112.05.

Plaintiff now, for the first time in her Objection with this Court, argues that the ALJ erred in failing to find that A.P. has an extreme limitation in understanding, remembering, and applying information, and, therefore meets Listing 112.05. (Doc. 17 at 2). Plaintiff did not raise this argument with the magistrate judge and may not do so for the first time in an objection to the R&R. *See Oberacker v. Noble*, 2018 WL 2772501, at *1 (N.D. Ohio June 11, 2018)("[T]he party objecting to an R&R cannot raise in the district court a new argument or issue that was not presented to the Magistrate Judge."). *See also Peterson v. Burris,* 2017 WL 8289655, at *3 (6th Cir. Dec. 8, 2017)(citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Indeed, a party is not permitted to "raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." *Marr v. Foy*, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010). Accordingly, this objection is not well-taken.

**CONCLUSION**

This Court, having reviewed the Report and Recommendation and finding plaintiff's objection without merit, hereby accepts the Magistrate Judge's Report and Recommendation. In accordance with that recommendation, judgment is entered in favor of the Commissioner for the reasons stated by the Magistrate Judge and the Report and Recommendation is incorporated herein by reference.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge
Dated: 9/9/19                         Chief Judge